# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

February 19, 2013

The Honorable Isidro R. Alaniz
49th Judicial District Attorney
Post Office Box 1343
Laredo, Texas 78042

Opinion No. GA-0989

Re: Whether a member of a governmental body may leave an open meeting to confer privately with employees of that governmental body (RQ-1083-GA)

Dear Mr. Alaniz:

You ask whether a member of a governmental body may leave an open meeting to confer privately with employees of that governmental body.[1]

You describe a situation in which a city council member voluntarily leaves a public meeting of the council to "visit[] privately" with one or more municipal employees. Request Letter at 2. Your question presumes that a quorum of the council is present both before and after the member in question has left the meeting, and you state the following:

> It is unthinkable that a city councilman's ability to *individually* investigate public matters and *individually* confer with the city's employees is somehow lost simply because there happens to be a public meeting going on at the same time under the same roof.

*Id.*

The Open Meetings Act, chapter 551 of the Government Code, requires that every meeting of a governmental body be open to the public, with exceptions not relevant here. TEX. GOV'T CODE ANN. § 551.002 (West 2012). A "meeting" is defined in either of two ways:

> (A)  a deliberation between a quorum of a governmental body, or between a quorum of a governmental body and another person, during which public business or public policy over which the governmental body has supervision or control is discussed or considered or during which the governmental body takes formal action; or
>
> (B)  except as otherwise provided by this subdivision, a gathering:

---

[1]Letter from Honorable Isidro R. Alaniz, Dist. Att'y, Webb & Zapata Counties, 49th Judicial District, to Honorable Greg Abbott, Tex. Att'y Gen. (Sept. 11, 2012), http://texasattorneygeneral.gov/opin ("Request Letter").

> (i)    that is conducted by the governmental body or for which the governmental body is responsible;
>
> (ii)   at which a quorum of members of the governmental body is present;
>
> (iii)  that has been called by the governmental body; and
>
> (iv) *at which the members receive information from, give information to, ask questions of, or receive questions from any third person, including an employee of the governmental body, about the public business or public policy over which the governmental body has supervision or control.*

*Id.* § 551.001(4) (emphasis added).  A deliberation is "a verbal exchange during a meeting between a quorum of a governmental body, or between a quorum of a governmental body and another person, concerning an issue within the jurisdiction of the governmental body or any public business." *Id.* § 551.001(2).

Under subsection 551.001(4)(A), a deliberation involving a member of a governing body and a third person does not constitute a "meeting" unless there is a verbal exchange between a quorum of the governmental body and a third person.  Under subsection 551.001(4)(B), a gathering is not a meeting unless a quorum of members receive information from, give information to, ask questions of, or receive questions from a third person, including an employee of the governmental body. Consequently, under either definition of the term "meeting," there must be a deliberation or exchange between a quorum and the employee.  Under the facts you present, an individual council member is consulting with a city employee.  In such case, no "meeting" has taken place.[2]

We emphasize that our answer is limited to the facts you have described.  If the consultation between the council member and the city employee takes place within the hearing of the other members of the council that are participating in the public meeting, that consultation may itself constitute a "meeting," particularly under section 551.001(4)(B)(iv), which applies, *inter alia*, to deliberations between a quorum of a governmental body and employees of that governmental body.[3]

---

[2] The situation you present does not implicate the concept of a "walking quorum," which involves an overlapping series of meetings of groups smaller than a quorum for the purpose of circumventing the requirements of the Open Meetings Act.  *See Willmann v. City of San Antonio*, 123 S.W.3d 469, 478–79 (Tex. App.—San Antonio 2003, pet. denied).  A single meeting between an individual member of a governmental body and an employee of the governmental body is not a walking quorum.

[3] A brief submitted in response to your request disputes the facts as you have presented them, arguing that the council member in question "never left the meeting and met with [the fire chief] in council chambers with a quorum present in full view of everyone viewing the meeting."  Brief from Hector Farias, Jr., Voices in Democratic Action at 1 (Oct. 12, 2012).  This office does not resolve disputed issues of fact.  *See* Tex. Att'y Gen. Op. No. GA-0876 (2011) at 1.

## S U M M A R Y

A private consultation between a member of a governmental body and an employee of that governmental body that does not take place within the hearing of a quorum of the other members of the governmental body does not, under the facts presented, constitute a "meeting" within the terms of chapter 551 of the Government Code.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chairman, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee